ECF Case

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ANDREW DELEON,

                Plaintiff,

·against·

THE CITY OF NEW YORK, POLICE
OFFICER MAUREEN MCMORROW, and
POLICE OFFICER JOHN DOE of the
NEW YORK CITY POLICE DEPARTMENT,
                Defendant(s),

------------------------------------x

12 CV 1718

COMPLAINT AND
JURY DEMAND

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICERS MAUREEN MCMORROW and JOHN DOE of the NEW YORK CITY POLICE DEPARTMENT, arising out of the false arrest and false imprisonment of ANDREW DELEON.

2. On May 20, 2009, POLICE OFFICERS MAUREEN MCMORROW and JOHN DOE of the NEW YORK CITY POLICE DEPARTMENT, and other members of the NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

3. The Plaintiff, ANDREW DELEON, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 §§ U.S.C. 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the Southern District Court for the Southern District of New York in that the incident in question happened in Bronx County, within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff at all times relevant hereto resided in the City, County and State of Bronx.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

10. That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICER MAUREEN MCMORROW, was at all times relevant hereto, an employee of the defendant CITY OF NEW YORK, as a police officer employed by the New York City Police Department.

11. That at all times hereinafter mentioned, and on information belief, the defendant POLICE OFFICER JOHN DOE, was at all times relevant hereto, an employee of the defendant CITY OF NEW YORK, as a police officer employed by the New York City Police Department.

12. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances,

regulations, policies, customs and usages of the City of New York and the State of New York.

13. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

14. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

15. Within 90 days of the occurrence of the incident, plaintiff filed a written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16. On May 20, 2009, at approximately 12:27 p.m., plaintiff was at his residence at 2280 Loring Place North, Apartment 4B, Bronx, New York, when members of the New York City Police Department, including defendants POLICE OFFICERS MAUREEN MCMORROW and JOHN DOE, came into his home and arrested plaintiff for violating an order of protection directing plaintiff to not enter his girlfriend's residence. But plaintiff was not in his girlfriend's residence at the time he was arrested; he was at his own residence. Nevertheless, the NYPD and defendants MCMORROW and DOE searched plaintiff, arrested him for violating the order of protection, and removed him to the 52nd Precinct where plaintiff remained until he was taken to Bronx Criminal Court. Not only had plaintiff not violated the order of protection, POLICE OFFICERS MAUREEN MCMORROW and JOHN

DOE had no reason to believe that plaintiff had violated the order of protection.

17. Plaintiff's girlfriend – Myra Feliciano – even spoke to defendants MCMORROW and DOE over the telephone and informed them that 2280 Loring Place North, Apartment 4B was plaintiff's residence and not her own.

18. The case against plaintiff was dismissed at his arraignment. Plaintiff was in custody for approximately three days.

19. As a result, defendants imprisoned and detained plaintiff, restrained him, and deprived him of his liberty and property without any right to do so, and against the will of the plaintiff.

20. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

21. The plaintiff remained in custody for approximately three days.

22. Defendants acted maliciously and intentionally.

23. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, loss of liberty, psychological injury, pain, suffering, emotional distress and mental anguish.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

24. Paragraphs 1 through 23 are herein incorporated by reference.

25. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

27. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

30. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

31. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

32. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

33. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct

the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

34. Defendants subjected plaintiff to false arrest and false imprisonment.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. Defendants POLICE OFFICERS MAUREEN MCMORROW and JOHN DOE illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

38. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured his by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and

Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

39. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Defendants POLICE OFFICERS MAUREEN MCMORROW and JOHN DOE illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

42. That as a result of the foregoing, the plaintiff has been deprived of him following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

43.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       March 8, 2012

BROMBERG LAW OFFICE, P.C.

By: Michael N. Litrownik
    One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>
Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: 212-385-1373
Fax: 212-202-4036

Brian Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: 212-248-7906
Fax: 212-248-7908